CLAUDE McCOLLUM (THEODORE S. MILLER, JR., AS-SIGNEE), PLAINTIFF-RESPONDENT, v. KRUEGER BEVERAGE COMPANY, A CORPORATION, DEFENDANT, AND MANUEL STIER, DEFENDANT-APPELLANT.

Argued October 26, 1934—Decided January 10, 1935.

For the plaintiff-respondent, *Harold K. Smith.*

For the defendant-appellant, *Harry Green.*

The opinion of the court was delivered by

CASE, J. Manuel Stier was an employe of Krueger Beverage Company and while engaged in the employer's business, but operating his father's car, Stier drove so negligently as to cause injuries to Claude McCollum. McCollum sued and got judgment against both employer and employe. Royal Indemnity Company, Krueger's insurer, paid McCollum the amount of his judgment and took an assignment to its "straw man," Theodore S. Miller, Jr. The Royal Indemnity Company policy admittedly had Krueger's employe within the purview of its coverage. On the other hand, it is alleged that Motor Club Insurance Company (formerly Motorists Casualty Insurance Company) had issued an indemnity policy to Ruben Stier, father of the defendant, and that the latter, as an adult member of the named assured's household, was within the coverage of that policy. Royal Indemnity Company caused suit to be brought in the name

of Miller and of its insured, Krueger Beverage Company, against Motor Club Insurance Company, alleging that coverage and claiming that the defendant therein was liable for the payment of the judgment. Summons and complaint were issued March 16th, 1933, and filed in the Supreme Court clerk's office March 23d, 1933. Thereupon a rule to show cause was issued to Manuel Stier calling upon McCollum, the plaintiff in the original suit, and his assignee, Miller, to show cause, on April 15th, 1933, why the judgment in that suit should not be canceled of record. The rule bears the date of March 8th, 1933, but we are led to think that that is a mistake for April 8th, 1933, for the reason that the affidavit upon which the rule issued was sworn to on March 27th, 1933, and the return date of the rule was April 15th, 1933. The matter was finally, on June 12th, 1934, submitted to Mr. Justice Parker, who shortly thereafter signed an order discharging the rule.

We have been handicapped in our study because the complete record was not before us at the oral argument, and is not yet, and it now appears from a supplement recently sent in, that Mr. Justice Parker contemporaneously heard and decided a rule to show cause in the suit against Motor Club Insurance Company which is not before us, but which has importance for the reason that the whole litigation, in our opinion, is integrated and should be considered together here as it was below. The professional appearances on the occasions of the taking of testimony show that the attorney for Manuel Stier were, by the same service, acting for the Motor Club Insurance Company, and we gather that the real contest lies, not between Stier and Krueger Beverage Company or between Stier and Royal Indemnity Company as insurer, but between Royal Indemnity Company, whose policy admittedly extends to Stier, and Motor Club Insurance Company, whose policy is said to extend to Stier, and that the litigation is to determine which of those two insurers is liable in the final analysis to pay the judgment against Stier. Nothing before us indicates that Stier is in any distress because the judgment is open of record or that his position

is in any way precarious. Indeed, the rule to show cause that is now before us is so timed as to indicate that it was in the nature of a defensive pleading to the suit instituted against Motor Club Insurance Company. The dispute is not for contribution as between joint tort feasors. That question has been settled by this court. *Public Service Railway Co.* v. *Matteucci,* 105 *N. J. L.* 114. It is a debatable question whether the liability of Krueger Beverage Company was that of a joint tort feasor or of a master responsible for its servant's torts. The record before us is not sufficiently ample to answer that question. The evidence taken at the trial is not printed. If the ultimate decision should be that the Krueger liability is simply upon the doctrine of *respondeat superior* and, further, that the primary obligation should be visited upon Stier, it would be necessary to decide which of the two insurers is, finally, obligated to pay the judgment; for the appellant's contention seems to rest upon the hypothesis that the Royal Indemnity Company, which has advanced the funds, is ultimately liable. The issue is such that for its proper determination Motor Club Insurance Company should be in court. While that company did appear at the taking of depositions, the depositions so taken appear under two titles, Miller and Kruger *v.* Motor Club Insurance Co., still pending in the trial court, and McCollum *v.* Krueger and Stier, the instant case. That procedure seems to have assumed a common issue in both causes. This appeal was taken in the name of Stier only. Motor Club Insurance Company is not here. If we are correct in thinking that the rule under review was in the nature of a defensive pleading in the action against the Motor Club Insurance Company, the appeal is equivalent to an effort to bring up a ruling before final judgment has been rendered. Whether that be so or not, the transaction between Royal Indemnity Company and McCollum was in form, if not in substance, a purchase, and not a payment, of the judgment, and the necessary parties for complete adjudication of the pending issue are not before us. Liability indemnity insurance is of wide extent. The questions presented have a far reach. For the determination

of the issues all of the facts and all of the parties should be before us on an appeal appropriately taken. With affairs in their present posture we think that the appeal should be dismissed. Presumably the other pending litigation will presently run its course and be dispositive of the issues therein raised. If it should develop that the judgment against Stier be paid but not satisfied, or that it should be, but is not paid, steps may be taken to frame such an issue anew. We do not now pass upon the merits.

The appeal is dismissed.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.